﻿Citation Nr: AXXXXXXXX
Decision Date: 03/18/19 Archive Date: 03/18/19

DOCKET NO. 190211-1689
DATE: March 18, 2019

ORDER

Entitlement to an effective date earlier than November 10, 2016 for the grant of service connection for post-traumatic stress disorder (PTSD) and major depressive disorder, recurrent, moderate with anxious distress (hereinafter “psychiatric disorder”) is denied.

Entitlement to an effective date earlier than November 10, 2016 for the grant of service connection for status post, Austin bunionectomy with K-wire fixation of the right foot (hereinafter “right foot disability”) is denied.

Entitlement to an effective date earlier than November 10, 2016 for the grant of service connection for status post, Austin bunionectomy with K-wire fixation of the left foot (hereinafter “left foot disability”) is denied.

FINDING OF FACT

On November 10, 2016, the Veteran filed a claim for service connection for a psychiatric disorder and a bilateral foot disability; there were no pending or unadjudicated requests for service connection for these disabilities prior to November 10, 2016. 

CONCLUSIONS OF LAW

1. The criteria for entitlement to an effective date earlier than November 10, 2016 for the grant of service connection for a psychiatric disorder have not been met. 38 U.S.C. §§ 5107, 5110 (2012); 38 C.F.R. §§ 3.102, 3.155, 3.400 (2017). 

2. The criteria for entitlement to an effective date earlier than November 10, 2016 for the grant of service connection for a right foot disability have not been met. 38 U.S.C. §§ 5107, 5110 (2012); 38 C.F.R. §§ 3.102, 3.155, 3.400 (2017). 

3. The criteria for entitlement to an effective date earlier than November 10, 2016 for the grant of service connection for a left foot disability have not been met. 38 U.S.C. §§ 5107, 5110 (2012); 38 C.F.R. §§ 3.102, 3.155, 3.400 (2017).

REASONS AND BASES FOR FINDING AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals

Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as

amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as

the Appeals Modernization Act (AMA). This law creates a new framework for

Veterans dissatisfied with VA’s decision on their claim to seek review. The Board

is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the

Rapid Appeals Modernization Program.

The Veteran served on active duty in the United States Army from February 1981 to February 1984 and from November 1990 to May 1991. The Veteran selected the Higher-Level Review lane when she submitted the RAMP election form. Accordingly, the January 2019 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

Earlier Effective Date

Generally, the effective date of an award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase shall be fixed in accordance with the facts found, but shall be no earlier than the date of receipt of the application therefor. 38 U.S.C. § 5110(a). The statutory provision is implemented by regulation which provides that the effective date for an evaluation and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 C.F.R. § 3.400.

An exception to this rule applies if an application for benefits is received within one year from the date of a veteran’s discharge or release from active service, and an award is made on the basis of that application. In this situation, the effective date of the award is the day following separation or the date entitlement arose. 38 C.F.R. § 3.400(b)(2). 

Effective March 24, 2015, VA amended its regulations to require that all claims governed by VA’s adjudication regulations be filed on a standard form. See 79 Fed. Reg. 57,660 (Sept. 25, 2014), codified as amended at 38 C.F.R. §§ 3.151, 3.155. 

The pertinent regulation allows a claimant to submit an intent to file a claim, and VA may recognize the receipt date of the intent to file a claim as the date of claim so long as VA receives a complete claim form within one year. 38 C.F.R. § 3.155(b). If submitted in writing, the intent to file must be on a standardized form. Id. 

Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996). 

Entitlement to an effective date earlier than November 10, 2016 for the grants of service connection for a psychiatric disorder and right and left foot disabilities 

The Veteran contends that she is entitled to an effective date earlier than November 10, 2016 for the grants of service connection for a psychiatric disorder and right and left foot disabilities. Specifically, the Veteran argues that she should be assigned an effective date of June 29, 2016 because that is the date that she contends she submitted an intent to file a claim. 

By way of background, VA received the Veteran’s completed application form, VA Form 21-526EZ, seeking entitlement to service connection for PTSD and a bilateral foot condition, on November 10, 2016. In a February 2017 rating decision, the AOJ granted the Veteran’s claims for service connection and assigned effective dates of November 10, 2016, based on the date of receipt of the claim. 

In March 2017, the Veteran submitted a statement contending that she should have been assigned effective dates of June 29, 2016 for the grants of service connection because that is when she submitted VA Form 21-0966 Intent to File. The Veteran submitted a copy of a signed VA Form 21-0966 dated June 29, 2016, however, the Board notes that this form was not previously of record in the Veteran’s claims file. 

The Veteran asserts that she submitted the intent to file through her representative, the Florida Department of Veterans Affairs (FDVA). In support of her claim, the Veteran submitted a screenshot of her account on the FDVA’s veterans claims management system (“VetraSpec”), which documents her office visits and past communications with FDVA. An entry from June 29, 2016 documents that the Veteran and her Service Officer filled out VA Form 21-0966 and VA Form 21-22 and that these forms “were submitted.” In addition to the signed copy of the Intent to File dated June 29, 2016, the Veteran also submitted a copy of a signed VA Form 21-22 (Appointment of Veterans Service Organization as Claimant’s Representative), appointing FDVA as her representative, which was signed by both the Veteran and the FDVA Service Officer on June 29, 2016. 

A December 2017 statement by Carlos Gabino, a Veteran Claims Examiner Supervisor with FDVA, attests that the Veteran visited the FDVA office on June 29, 2016 and filed a VA Form 21-0966. However, due to a technical issue, the transmission of the form to the VA Intake Claims Center was not successful and it appears that the form was never received by VA. 

After a review of the record, the Board finds that there is no communication, either formal or informal, from the Veteran or her representative prior to November 10, 2016 that could constitute a claim for service connection for either a psychiatric disorder or a bilateral foot disability, and the Veteran has not otherwise established that there exists any such claim. The Board has considered the Veteran’s argument that she filed an intent to file a claim, through her representative, on June 29, 2016. While it appears that the Veteran did in fact visit the office of her representative on that date in order to submit an intent to file, by her representative’s own admission, a technical error on the part of the FDVA prevented VA from ever receiving the intent to file a claim form. 

While sympathetic to the Veteran’s contentions, according to the applicable regulation, the effective date of the grant of service connection for a psychiatric disorder and a bilateral foot disability can be no earlier than the date of receipt of the claim, which, in this case, is the date that VA received the Veteran’s completed application form. Accordingly, the earliest possible effective date for the grants of service connection for a psychiatric disorder and right and left foot disabilities is November 10, 2016. 

(CONTINUED ON NEXT PAGE)

The pertinent legal authority governing effective dates is clear and specific, and the Board is bound by that authority. The Board finds that the preponderance of the evidence is against the assignment of an effective date for the grants of service connection for a psychiatric disorder and right and left foot disabilities earlier than November 10, 2016. Therefore, the benefit-of-the-doubt rule is not for application and the claims must be denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Melissa Barbee, Associate Counsel